IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40932
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                          Plaintiff-Appellee,

versus

SANTANA BEIZA-CRUZ,

                                          Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-00-CR-299-1
--------------------
April 12, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

    Santana Beiza-Cruz (Beiza) appeals his conviction and
sentence following a guilty plea to illegal reentry into the
United States following deportation in violation of 8 U.S.C.
§ 1326(a)(1) and (b)(2).  Beiza argues he should have been
sentenced to no more than two years of imprisonment because a
prior felony conviction is an element of the offense of reentry
following deportation after a felony conviction.  Beiza concedes
that his argument is foreclosed by Almendarez-Torres v. United
States, 523 U.S. 224 (1998).  Beiza contends, however, that
Apprendi v. New Jersey, 120 S. Ct. 2348, 2362 (2000), casts doubt

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

on Almendarez-Torres and that he is raising the argument to preserve it for Supreme Court review.

Although the Supreme Court noted in Apprendi that, arguably, Almendarez-Torres was incorrectly decided, the Court expressly declined to overrule Almendarez-Torres. Apprendi, 120 S. Ct. at 2362-63 & n.15; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), petition for cert. filed, (U.S. Jan. 26, 2001) (No. 00-8299). This court is compelled to follow the precedent set in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Id. (internal quotation and citation omitted). Such is true even if it seems "pellucidly clear" that given the opportunity, the Supreme Court would overrule its precedent. Id. Without the benefit of Apprendi, Beiza's claim fails.

Beiza also argues that his indictment was defective under the Fifth and Sixth Amendments because it did not allege general intent, or mens rea. Beiza argues that any felony conviction requires some mens rea and that offenses without a mens rea are generally disfavored. He contends that strict liability offenses are exceptional and are limited to offenses likely to cause public harm. He argues that other circuits have recognized that § 1326 has a general-intent element.

In United States v. Guzman-Ocampo, 236 F.3d 233, 238-39 (5th Cir. 2000), this court declared an indictment substantially the same as the one against Beiza constitutionally and statutorily sufficient.

Beiza's conviction and sentence are AFFIRMED.